UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANDY W. HOLMES**, <br><br> Petitioner, <br><br> v. <br><br> **STATE OF MICHIGAN,** <br><br> Respondent. | 2:24-CV-12941-TGB-APP <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Andy W. Holmes ("Holmes" or "Petitioner") is an inmate at the Genesee County Jail. He filed a petition for writ of habeas corpus seeking his release from custody. The Court will summarily dismiss the action without prejudice because Petitioner has failed to assert that he exhausted his state court remedies.

**I. BACKGROUND**

The public docket sheet for the Genesee Circuit Court shows that Holmes was charged in a 14-count complaint in 2022.[1] On May 14, 2024, Holmes pleaded no contest to two counts of assault with intent to commit murder, two counts of felony-firearm possession, and one count of

---

[1] *See Case Details*, MiCourt Case Search, https://micourt.courts.michigan.gov/case-search/court/C07/case-details?caseId=2022-0000050405-FC&tenantKey=C07-25-0626170-00-00&searchUrl=%2Fcourt%2FC07%2Fsearch%3FlastName%3Dholmes%26firstName%3DAndy%26caseTypeSubCategory%3D1%26page%3D1 (last visited May 23, 2025).

domestic violence. Holmes was sentenced on November 19, 2024.[2] Based on the state court record, it appears that Holmes filed an appeal on or about February 11, 2025.

In his *pro se* habeas petition, Holmes asserts: (1) the state court did not acquire jurisdiction to proceed against him, (2) there are records that are missing, (3) there are records that were improperly filed with the state court, (4) no probable cause determination was made or does not adequately appear on the record, and (5) the state failed to properly preserve the complaining witness's testimony. ECF No. 1, PageID.2—3. Holmes requests "immediate judgment on the pleadings, [] an order for discharge from custody, dismissal of computer entry, and quashing what remains." *Id.* at PageID.7.

## II. LEGAL STANDARD

A prisoner who is in custody pursuant to the judgment of a state court may file a habeas petition in federal court only on the ground that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). After a petition for writ of habeas corpus by a state prisoner is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

---

[2] To the extent Holmes' petition sought an order enjoining proceedings in his state criminal case, the question is now moot, in addition to raising abstention concerns.

2

the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A prisoner seeking federal habeas relief must first exhaust his state court remedies by fairly presenting each federal constitutional claim in the state courts. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In Michigan, prisoners must raise their claims in both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

### III. DISCUSSION

#### A. Holmes Has Not Exhausted Available State Remedies

The Court will summarily dismiss the petition because Petitioner has failed to show that he has exhausted all available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (finding doctrine of exhaustion requires petitioners to exhaust all state remedies before a petition to avoid federal judicial interference). Holmes has not alleged

that any of the legal arguments he raises in his petition have been raised and exhausted in the state courts. In fact, state court records indicate he has just started the appellate process in state courts a few months ago. Because Holmes neither alleges nor establishes that he had exhausted available state court remedies before seeking federal habeas relief, this habeas action is premature and must be dismissed.

## B. Certificate of Appealability and Leave to Proceed *In Forma Pauperis*

Before Holmes may appeal the Court's decision to dismiss the petition without prejudice, a certificate of appealability must be issued. 28 U.S.C. § 2253(c)(1)(a). Reasonable jurists would not debate the Court's assessment that the petition is subject to summary dismissal, nor conclude that the issues deserve encouragement to proceed further given the failure to exhaust state remedies. *See Slack 10 v. McDaniel*, 529 U.S. 473, 483–84 (2000); 28 U.S.C. § 2253(c)(2). The Court therefore denies a certificate of appealability. If Holmes nonetheless chooses to appeal, he may proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

## IV. CONCLUSION

For the reasons stated above, Holmes' Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that a Certificate of Appealability is **DENIED** and that leave to appeal *in forma pauperis* is **GRANTED**.

**SO ORDERED**.

Dated: May 30, 2025         /s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE